## UNITED STATES ZINC CO. v. FREEMAN et al.

No. 23130. Opinion Filed June 14, 1932.

Rehearing Denied July 12, 1932.

Shell Bassett, for plaintiff in error.

Cooke & Jackson and Billups & Billups, for defendants in error.

KORNEGAY, J. This is an original proceeding to review the award of the Industrial Commission entered on the 7th of November, 1931, which is as follows:

"Now, on this 7th day of November, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to hearings held at Oklahoma City, Okla., September 10 and 14, 1931, before Chairman Thos. H. Doyle, to determine liability and extent of disability, at which hearings the claimant appeared in person and by his attorneys, Cooke & Jackson, and the respondent and insurance carrier appeared by Shell Bassett, and the Commission after reviewing the testimony taken at said hearing and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"1. That claimant herein, on July 16, 1926, was in the employment of this respondent and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"2. Arising out of and in the course of his employment claimant, on the 16th day of July, 1926, sustained an accidental personal injury which resulted in 40 per cent. loss of vision to the left eye and 20 per cent. loss of vision to the right eye; making the equivalent of a 30 per cent. total loss of vision to both eyes.

"3. That at the time of said accidental

injury, claimant's average daily wage was $5.50 per day.

"4. That temporary total disability in the sum of $84 has been heretofore paid.

"Upon consideration of the foregoing facts, the Commission is of the opinion that, under section 7290, paragraph 1, C. O. S. 1921, as amended by the Session Laws of 1923, the loss of both eyes constitutes permanent total disability, for which compensation is provided under the law, for a period of 500 weeks. That under section 7290, subsection 3, for percentage of loss of use or sight of an eye, is provided for by that portion of the number of weeks as provided in the schedule for the loss of a member or sight of an eye, which the partial loss of use thereof bears to the total loss of use of such member or sight of an eye. That 40 per cent. loss of vision of the left eye and 20 per cent. loss of vision of the right eye would be equivalent to 30 per cent. loss of use of both eyes, and that claimant is entitled under the law to compensation at the rate of $18 per week for a period of 150 weeks in the total sum of $2,400.

"That there is now due the claimant compensation from the 4th day of August, 1931, to November 7, 1931, being 10 weeks' compensation at the rate of $18 per week, or the sum of $180.

"It is therefore ordered, that within 15 days from this date the respondent pay to the claimant compensation in the sum of $180, or 10 weeks' compensation at the rate of $18 per week, computed from August 4, 1931, to November 7, 1931, and continue compensation thereafter bi-monthly, at the rate of $18 per week until the total of 150 weeks shall have been paid for in the total sum of $2,400.

"It is, therefore, ordered, that within 30 days from this date the respondent and insurance carrier herein file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

A brief has been filed on behalf of the petitioner in which the contention is made that the award, in giving compensation on change of condition, was not justified by the evidence. An inspection of the testimony shows that in the year 1926 the claimant received an injury arising from a slight explosion that, according to his version of it, threw metal into both eyes. Evidently the petitioner thought it was rather serious, as it furnished a doctor and paid some compensation, and went to the length of getting a receipt and release on the theory that the party had recovered. However, this does not appear to have been submitted to the Industrial Commission, and a hearing had as to the permanency of the injury, in accordance with the amendment to the Workmen's Compensation Law of 1923, providing for a hearing and final receipt and closing the case entirely.

Under its continuing jurisdiction, application was made to fix liability and compensation, but it went off on a demurrer to the evidence. Later the claimant made another application to reopen on account of change of condition and to ascertain disability, referring therein to the sustaining of the demurrer of the respondent. This time he met with a more favorable reception, the personnel of the Commission having changed, resulting in the award set out above.

It is claimed here that the award is not justified by sufficient evidence. We might, perhaps, were we sitting as triers of the facts, find that the experts on behalf of the petitioners, who made the examination of his eye, were better versed than the expert who made the examination of the eye, relied on by claimant, the first being regular physicians, the second being engaged in measuring eyes for the purpose of helping them towards service, and to correct vision by artificial means, called an optometrist.

In addition to the claimant himself showing the condition of his eyes before the accident, there was a lay witness who had been running with him and knew of his being a good shot, and of his having no use of glasses prior to the injury. The testimony of the claimant as to having used glasses prior to the injury was somewhat confused, but he insisted that he had never been compelled to wear glasses prior to the injury, but since could not get along without them, and if he had any glasses prior to the injury, it was for "style." However, the testimony of the optometrist, who introduced a chart showing his line of vision, indicates very strongly that his injury was permanent, and that something external had caused it, rather than its being from natural cause. He was not able to correct the vision with glasses, which he should have been able to do had there been no more injury than the nearsightedness that a great many people have. The injury that happened, while looked upon as trifling by the company doctor, who testified that the man wore glasses before the injury, was apparently looked upon by the optometrist as very serious, and the disability was referred by the optometrist to the injury.

Under the law, questions of fact passed on by the Industrial Commission are binding here, if there is any competent evidence to support them. Considering the condition of the man before the accident, and his ability to work and to see, as detailed by

a lay witness and himself, and balancing it against the testimony of the company physician, who examined a great many men as to the wearing of glasses, we think that the Commission should not be reversed for believing that the man's eyes were all right before the injury. The Commission saw the witnesses, observed their manner, heard their voices, and were practically triers of fact under the law.

There is some contention that the Commission should have made a special finding, defining the change of condition since the last award, but several cases are cited from this court that would indicate that that view is too narrow in viewing the action of the Industrial Commission in making up its award. The findings of fact in this case, made by the Commission, appear to be ample to support the award in his favor. There was some competent evidence upon the ground of change of condition, and we think that the award should not be disturbed. It is accordingly affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.